UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Frederick Leroy Crandall,  Crim. No. 02-190 (PAM)

          Petitioner,

v.  **MEMORANDUM AND ORDER**

United States of America,

          Respondent.

---

This matter is before the Court on Petitioner Frederick Leroy Crandall's Motion to Vacate under 28 U.S.C. § 2255. For the reasons that follow, the Motion is denied.

**BACKGROUND**

In August 2002, Crandall pled guilty to being an armed career criminal in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). In the plea agreement, the Government and Crandall stipulated to three prior felony state-court convictions: a 1996 conviction for first-degree aggravated armed robbery; a 1996 conviction for first-degree burglary of a dwelling; and a 1994 conviction for second-degree burglary of a dwelling.

Crandall's presentence investigation report found that he had in fact been convicted of at least four previous felonies, including the three in the plea agreement and a 1988 conviction for second-degree assault. In April 2003, the Court sentenced Crandall under the Armed Career Criminal Act to 188 months' imprisonment. Crandall brings the instant Motion under 28 U.S.C. § 2255, contending that recent Supreme Court authority renders his conviction constitutionally infirm.

**DISCUSSION**

The ACCA prohibits a person who has been convicted of at least three prior predicate offenses from possessing a firearm or ammunition. 18 U.S.C. § 924(e). Predicate convictions under the ACCA are "violent felon[ies]" or "serious drug offense[s]." Id. The ACCA defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B). In June 2015, the Supreme Court determined that part of subsection (ii) of this definition was unconstitutional. Johnson v. United States, 135 S. Ct. 2552, 2556 (2015). The Court held that the so-called "residual clause," or the second half of subsection (ii)—"otherwise involves conduct that presents a serious potential risk of physical injury to another"—was unconstitutionally vague. The rule announced in Johnson applies retroactively to cases on collateral review, Welch v. United States, 136 S. Ct. 1257, 1268 (2016), and thus to Crandall's case.

Crandall argues that none of the three prior convictions to which he stipulated in the plea agreement constitute violent felonies without the now-unconstitutional residual clause. But two of those convictions are for burglary under Minnesota law, something the Eighth Circuit Court of Appeals has unequivocally determined is equivalent to the enumerated crime

of burglary in the ACCA.  See United States v. Constantine, 674 F.3d 985, (8th Cir. 2012) ("We have [] already decided . . . that Minnesota's third-degree burglary statute . . . qualifies as a "violent felony" under the ACCA.)  And despite Crandall's insistence that second- and first-degree burglary do not also constitute the enumerated offense of "burglary" under the ACCA, those crimes are even closer to the so-called "generic" definition of burglary to which courts look when determining ACCA predicates.  Crandall's burglary convictions are violent felonies under the ACCA.

Similarly, the offense of aggravated robbery, while not an enumerated offense, fits within the ACCA's violent-felony definition, as it "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  Under Minnesota law, first-degree aggravated robbery consists of a robbery by a person who is "armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or inflicts bodily harm upon another."  Minn. Stat. § 609.245, subd. 1.  Crandall argues that the "or" between the first and second clauses in this statute means that the statute is divisible and therefore not subject to the categorical approach[1] courts must use in evaluating ACCA predicate offenses.

---

[1] The categorical approach requires courts to look not at actual offense conduct but rather to how the law defines the offense when assessing whether a crime qualifies as a violent felony.  Johnson, 135 S. Ct. 2557.

But both clauses of Minnesota's aggravated robbery statute qualify as violent felonies, because both have "as an element the use, attempted use, or threatened use of physical force." The possession of a dangerous weapon or other article made to look like a dangerous weapon undoubtedly involves the use, attempted use, or threatened use of physical force. The same is of course true of the actual use of physical force—"inflicts bodily harm"—in the second part of the crime's definition. Thus, anyone committing first-degree aggravated robbery in Minnesota has also committed a "violent felony" for purposes of the ACCA. See United States v. Rucker, 545 F. App'x 567, 572-73 (8th Cir. 2013) (finding that aggravated robbery under Minnesota law is a violent felony under subsection (2)(B)(i) of the ACCA).

Accordingly, Crandall has three prior convictions for violent felonies under the ACCA and Johnson does not render his ACCA conviction unconstitutional.

The Court will not hold an evidentiary hearing on Crandall's claims because the record conclusively establishes that he is not entitled to relief under § 2255. 28 U.S.C. § 2255(b).

Finally, in order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered whether the issuance of a certificate is appropriate, and finds that no issue raised is "debatable among reasonable jurists." Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). The Court declines to issue a certificate of

appealability.

**CONCLUSION**

Crandall's prior offenses are violent felonies within the meaning of the ACCA. Accordingly, **IT IS HEREBY ORDERED** that Crandall's Motion to Vacate (Docket No. 32) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Wednesday, June 22, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge